IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DEVONCHE LAWRENCE,**

    Petitioner,

vs.

                           **CASE NO. 4:07cv158-RH/WCS**

**WALTER A. McNEIL,**[1]

    Respondent.

                            /

## REPORT AND RECOMMENDATION

This is a petition for writ of habeas corpus filed by Devonche Lawrence pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner also filed a memorandum. Doc. 2. Petitioner challenges two separate convictions for aggravated battery on a law enforcement officer in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, case numbers 2001-CF-1958 and 2001-CF-1969. Respondent filed an answer, doc. 20, and the record in paper form, and Petitioner filed a traverse, doc. 21.

---

[1] Walter A. McNeil succeeded James McDonough as Secretary for the Department of Corrections, and is automatically substituted as Respondent. FED. R. CIV. P. 25(d).

**Procedural History**

Petitioner was charged by information in case number 2001-CF-1958, *inter alia*, with aggravated battery on a law enforcement officer occurring on May 22, 2001. Doc. 20, Ex. I, R. 77. The battery was alleged to have occurred when Petitioner touched or struck Officer Sterling D. Hollingsworth with his Nissan Maxima automobile. *Id.* On July 3, 2001, pursuant to a plea agreement, Petitioner entered no contest plea in case number 2001-CF-1958 to one count of aggravated battery upon a law enforcement officer. *Id.*, R. 83-95 (plea agreement and judgment). He was sentenced to 24 months in prison to be followed by three years probation. *Id.*

On July 3, 2001, the date of the plea in the first case, another information was filed in case number 2001-CF-1969 charging Petitioner with aggravated battery upon a law enforcement officer, Sterling D. Hollingsworth, on May 22, 2001, by dragging the officer with the same motor vehicle. *Id.*, R. 106. On the same date, in conjunction with the first plea, Petitioner entered a no contest plea to this second charge and was sentenced to the same sentence as the first set of charges, to be served concurrently. *Id.*, R. 109-119. This also was pursuant to a plea agreement.

As will be explained ahead, on July 3, 2001, Petitioner also entered guilty pleas in case numbers 2000-CF-3745, 2000-CF-4099, and 2001-CF-1479 pursuant to the same kind of plea agreements. He received the same sentence in all five cases.

Petitioner violated probation in all five cases. *Id.*, Ex. G, p. 51. On December 23, 2004, Petitioner was sentenced to concurrent 12 year prison terms. *Id.*; Ex. I, R. 96-105, 120-128 (relating to the two cases at issue here). Petitioner filed an appeal but the

appeal was dismissed on May 19, 2005, for failure to pay the filing fee and file a docketing statement.  *Id.*, Ex. D.

On May 25, 2005, Petitioner filed a Rule 3.850 motion.  *Id.*, Ex. E, R. 22-30.  The motion was partially granted as to issues not relevant here.  *Id.*, R. 31-32.  On December 12, 2006, this decision was affirmed on appeal *per curiam*.  *Id.*, Ex. M; Lawrence v. State, 944 So. 2d 989 (Fla. 1st DCA 2006) (Table).

Respondent concedes that this § 2254 petition was timely filed and that Petitioner exhausted state court remedies as to the claims brought here.  Doc. 20, p. 5.

**Legal Analysis**

**Whether Petitioner's attorney in the violation of probation proceeding was ineffective for failing to argue that he had been subjected to double jeopardy in case numbers 2001-CF-1958 and 2001-CF-1969 as to the charge of aggravated battery upon a law enforcement officer**

In his Rule 3.850 motion, Petitioner argued that the two charges of aggravated battery upon a law enforcement officer arose from a "single criminal episode."  *Id.*, Ex. G, R. 24.  He argued that his probation revocation attorney was ineffective for failing to argue this claim.  The same claim is raised here as ground one.

The probable cause affidavit for case number 2001-CF-1958 states that Officer Leo stood in front of Petitioner's car and, with weapon drawn, ordered Petitioner to place the car in park and turn the engine off.  Officer Leo states that Petitioner "refused to obey orders as he attempted to maneuver around and towards this Officer w/his vehicle," but eventually complied.  *Id.*, Ex. I, R. 80-81.  There is no evidence that this aspect of the encounter involved a battery upon Officer Leo.  Petitioner then attempted to start the car again, Officer Leo got into the driver's seat as Petitioner attempted to

drive off, and, "while being dragged" by Petitioner's vehicle, Officer Leo managed to "slam the car into park as [Petitioner] was attempting to drive off. *Id.*, Ex. I, R. 81. The same "dragging" allegations are in the probable cause affidavit in case number 2001-CF-1969. *Id.*, Ex. I, R. 108. It would appear, therefore, from this sparse record that both charges depended upon the fact that Petitioner moved the car, dragging Officer Leo. A potential double jeopardy claim is implicated.[2]

The trial court denied this double jeopardy claim, reasoning that "Defendant was convicted of separate crimes and was sentenced to separate sentences with the use of a single scoresheet." *Id.*, Ex. E, R. 31.

For claims that were properly exhausted and adjudicated in state court, this court's review is limited. As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings. Hawkins v. Alabama, 318 F.3d 1302, 1309 (11th Cir. 2003) (citations omitted); Carey v. Musladin, 549 U.S. __, 127 S.Ct. 649, 653, 166 L.Ed.2d 482 (2006).

---

[2] The Double Jeopardy Clause protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct 2072, 2076, 23 L.Ed.2d 656 (1969).

The basic law governing ineffective assistance of counsel claims was clearly established in Strickland v. Washington, 466 U.S. 668, 690, 694, 104 S.Ct. 2052, 2066, 2068, 80 L.Ed.2d 674 (1984). Williams, 529 U.S. at 405-406, 120 S.Ct. at 1519-1520; Bell, 535 U.S. at 694-695, 122 S.Ct. at 1850. Under the two part test of Strickland, Petitioner must demonstrate both deficient performance and prejudice to the outcome.

When Petitioner entered negotiated no contest pleas to the two charges of aggravated assault upon a law enforcement officer, he waived any double jeopardy argument that he might have had. United States v. Broce, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989); Dermota v. United States, 895 F.2d 1324 (11th Cir.), *cert. denied*, 498 U.S. 837 (1990); Novaton v. State, 634 So.2d 607 (Fla. 1994).

The federal rule is rather clear. Federal double jeopardy is waived by a guilty plea. Broce; Dermota. The only exception is when "the government had no power to *prosecute* a second charge at all." Dermota, 895 F.2d at 1326 (emphasis by the court), citing Broce, 109 S.Ct. at 765-766. Petitioner has not shown that the state prosecutor had no power at all to file the two informations. Petitioner had no federal double jeopardy claim to make. Hence, he has not shown attorney error for failing to raise the federal claim.

The Florida constitutional rule is a bit different. The Florida Supreme Court limited the holding in Novaton to plea bargains.

> The general rule is that a plea of guilty and subsequent adjudication of guilt precludes a later double jeopardy attack on the conviction and sentence. *United States v. Broce*, 488 U.S. 563, 569, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1989). There is an exception to this general rule when (a) the plea is a general plea as distinguished from a plea bargain; (b) the double jeopardy violation is apparent from the record; and (c) there is nothing in the record to indicate a waiver of the double jeopardy violation. . 

Case No. 4:07cv158-RH/WCS

> . . Under the circumstances of this case, where Novaton entered into a bargained plea with the State, we find that Novaton waived any double jeopardy claim that may affect either his convictions or his sentences under article I, section 9, of the Florida Constitution.

634 So. 2d at 609. In Novaton, the defendant had agreed to plead guilty to avoid a life sentence without parole. *Id.*, at 608. The lower appellate court had found that "the defendant agreed . . . to the imposition of specified sentences tendered by the state in partial consideration of its own agreement for leniency in other respects." *Id.*, quoting the lower court.

The same is true here. On July 3, 2001, Petitioner faced charges in five separate cases. In case number 2000-CF-3745, he was charged with stealing retail merchandise. Doc. 20, Ex. I, R. 2. In case number 2000-CF-4099, he was charged with assaulting a retail security guard with his motor vehicle and stealing retail merchandise. *Id.*, R. 26. In case number 2001-CF-1479, he was charged with assaulting a person with his motor vehicle, obstructing a police officer (the same person) in the lawful execution of his duties, driving on a suspended license, and driving recklessly. *Id.*, R. 48. In case number 2001-CF-1958, Petitioner was charged with aggravated battery on a law enforcement officer, two counts of retail theft, and obstructing a law enforcement officer without violence. *Id.*, R. 77-78. In case number 2001-CF-1969, Petitioner was charged with aggravated battery on a law enforcement officer. *Id.*, Ex. I, R. 106. In all five cases, Petitioner entered into a plea agreement for a single concurrent sentence of 24 months in prison, with credit for jail days, followed by three years of probation. *Id.*, Ex. I, R. 6, 28, 55, 83, 109. Petitioner obviously faced substantially more prison time had he not entered into a plea agreement as he was

sentenced to 12 years in prison when he violated probation, and he received a substantial benefit when he obtain a two year prison sentence. Thus, Petitioner had no state double jeopardy claim to make, and he has failed to show attorney error.

In response, Petitioner argues that there are many cases in which Florida appellate courts have granted relief on double jeopardy grounds despite a guilty plea. There is no indication in any of these cases that there was a plea agreement. *E.g.,* Williams v. State, 823 So. 2d 145 (Fla. 5th DCA 2002) (no plea bargain mentioned); Hall v. State, 826 So. 2d 268 (Fla. 2002) (no plea bargain mentioned); Kilmartin v. State, 848 So.2d 1222 (Fla. 1st DCA 2003) (unconditional plea without a plea bargain); Ford v. State, 849 So. 2d 477 (Fla. 4th DCA 2003) (no plea bargain mentioned); Riley v. State, 854 So. 2d 807 (Fla. 1st DCA 2003) (no plea bargain mentioned); Toson v. State, 864 So. 2d 552 (Fla. 4th DCA 2004) (open plea, no plea bargain).

In summary, whether a federal or a state double jeopardy claim, Petitioner's attorney at the probation revocation hearing did not err in failing to claim a violation of double jeopardy with respect to the original convictions. Hence, attorney error has not been shown.

> **Whether Petitioner was subjected to double jeopardy in case numbers 2001-CF-1958 and 2001-CF-1969 as to the charge of aggravated battery upon a law enforcement officer**

The answer is no. As set forth above, Petitioner waived the defense of double jeopardy when he entered his no contest pleas in exchange for a specific sentence.

Case No. 4:07cv158-RH/WCS

**Conclusion**

Accordingly, it is **RECOMMENDED** that 28 U.S.C. § 2254 petition for writ of habeas corpus filed by Devonche Lawrence challenging convictions for two separate convictions for aggravated battery on a law enforcement officer in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, case numbers 2001-CF-1958 and 2001-CF-1969, be **DENIED WITH PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on February 20, 2008.

    s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**