**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

DEVONCHE LAWRENCE,

       Petitioner,

v.                                      CASE NO.  4:07cv158-RH/WCS

WALTER A. McNEIL,

       Respondent.

_____/

**ORDER DENYING PETITION IN PART AND SETTING
PROCEDURES FOR CONSIDERATION OF REMAINING CLAIM**

This matter is before the court on the magistrate judge's report and

recommendation (document 22), and the objections (document 23).  I have

reviewed de novo the issues raised by the objections.

## I.  Background

The petitioner Devonche Lawrence committed an aggravated battery on law

enforcement officer Sterling D. Hollingsworth.[1]  For some reason, the state

---

[1] The report and recommendation sometimes refers to the officer as
"Hollingsworth" and sometimes uses the acronym for a law enforcement officer,
"Leo."  It was a single officer named "Hollingsworth."

charged Mr. Lawrence in two cases, not one.  For all that appears in this record, the

charges in the two cases were identical and arose from the same act.  If that is

indeed true, then Mr. Lawrence could have prevailed on a double jeopardy defense

in the second case.

But the state and Mr. Lawrence agreed to a negotiated plea.  Mr. Lawrence

entered no-contest pleas on the same day in both cases.  He also entered negotiated

pleas in three other cases.  He received concurrent sentences on all five cases.  The

sentence was two years in custody followed by three years on probation.

Mr. Lawrence violated his probation and was sentenced to 12 years in

custody.  He says the length of the sentence was based in part on the existence of

two convictions, not one, for aggravated battery on a law enforcement officer.

Mr. Lawrence now brings this petition for writ of habeas corpus under 28

U.S.C. § 2254.  He asserts both a substantive double-jeopardy claim and an

ineffective-assistance-of-counsel claim.

## II.  Double Jeopardy

Mr. Lawrence first asserts that the second aggravated-battery-on-a-law-

enforcement-officer conviction (and thus also the related probation-violation

sentence) violated the double jeopardy clause.  The dispositive answer is that Mr.

Lawrence waived any double jeopardy defense when he entered his negotiated plea

to the aggravated-battery charge.  The report and recommendation correctly compiles the authorities so holding.

### III.  Ineffective Assistance

Mr. Lawrence also alleges that his attorney was ineffective.  It is not completely clear whether Mr. Lawrence's ineffectiveness claim is directed at the attorney in the revocation proceeding or the attorney in the underlying second aggravated-battery case or at both.  The respondent, in his answer to the petition, treats the claim as directed only at the attorney in the revocation proceeding.  So does the report and recommendation.  But the petition is broad enough to include an ineffectiveness claim directed at the attorney in the underlying aggravated-battery case.  I address the two proceedings in reverse chronological order.

### A.  The Revocation Proceeding

Mr. Lawrence asserts that his attorney in the revocation proceeding should have asserted a double jeopardy defense based on the underlying duplicate aggravated-battery charges.  But the double-jeopardy defense had been waived by entering the negotiated plea in the second aggravated-battery case.  Any double-jeopardy defense to the probation-violation charge thus was also unfounded.  The attorney was not ineffective in failing to assert this unfounded claim.

### B.  The Aggravated Battery Case

This record suggests but does conclusively establish two defects in Mr. Lawrence's claim that the attorney in the underlying second aggravated-battery case was ineffective.

First, it appears likely that any such claim is time barred.  Under 28 U.S.C. § 2244(d), there is a one-year limitations period for a federal habeas challenge to a state conviction.  The period runs from the date when the conviction becomes final, but the period is tolled during the pendency of a properly-filed application for state post-conviction or other collateral review.  So far as this record reflects, the defendant's aggravated-battery conviction became final in 2001, and no tolling events occurred before 2004.  If that is correct, any challenge to the conviction is time barred.  Indeed, this may be why the respondent treated the petition as not even asserting this claim.  But the record does not conclusively establish that there was not a direct appeal or collateral attack during the critical period.

Second, it seems unlikely that the attorney was ineffective.  A double-jeopardy defense might well have been a winner.  But a negotiated plea, almost by definition, involves give and take on both sides.  Obtaining a dismissal of the second aggravated-battery charge would have accomplished little if the result was a more severe overall sentence.  This record provides no basis for concluding that the attorney was ineffective, but the issue has not been joined, and a final ruling on

this issue at this point would serve no purpose, especially if there is an easily established statute of limitations defense.

## IV.  Conclusion

For these reasons,

IT IS ORDERED:

1.      The report and recommendation is ACCEPTED with respect to the claims it addresses.

2.      By June 6, 2008, the respondent must file a supplemental answer addressing the claim that the petitioner's attorney in the underlying second aggravated-battery case was ineffective.

3.      The petitioner may file a reply to the supplemental answer within 28 days after it is served.

SO ORDERED this 9th day of May, 2008.

s/Robert L. Hinkle
Chief United States District Judge