# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

DEVONCHE LAWRENCE,

      Petitioner,

v.                                  CASE NO.  4:07cv158-RH/WCS

WALTER A. McNEIL,

      Respondent.

_____/

## ORDER DISMISSING REMAINING CLAIM AND DIRECTING ENTRY OF JUDGMENT

The petitioner Devonche Lawrence filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 seeking relief from the Florida state-court sentences he is serving.  The magistrate judge entered a report and recommendation that concluded the petition should be denied with prejudice.  By order entered May 9, 2008, I accepted the report and recommendation except with respect to one claim.  The respondent has moved to dismiss that remaining claim.  I grant the motion.

### I.  Background

Mr. Lawrence committed an aggravated battery on law enforcement officer Sterling D. Hollingsworth.  For some reason, the state charged Mr. Lawrence in

two cases, not one.  For all that appears in this record, the charges in the two cases were identical and arose from the same act.  If that is indeed true, then Mr. Lawrence could have prevailed on a double jeopardy defense in the second case.

But the state and Mr. Lawrence agreed to a negotiated plea.  On July 3, 2001, Mr. Lawrence entered no-contest pleas in both cases.  He also entered negotiated pleas in three other cases.  He received concurrent sentences on all five cases.  The sentence was two years in custody followed by three years on probation.  More than two years passed without any challenge to this disposition of the cases.

Mr. Lawrence served his term in custody and was released to probation. He committed a violation and, on December 23, 2004, was sentenced to 12 years in custody.  He says the length of the sentence was based in part on the existence of two convictions, not one, for aggravated battery on a law enforcement officer.  Mr. Lawrence appealed, but the appeal was dismissed for failure to pay the filing fee and to file a docketing statement.  Mr. Lawrence filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850.  The state court granted the motion in part, reducing the sentence on some but not all of the charges, thus leaving the overall sentence at 12 years.  Mr. Lawrence appealed, and the ruling was affirmed.

Mr. Lawrence then brought this petition for a writ of habeas corpus under 28 U.S.C. § 2254.  He asserted both a substantive double-jeopardy claim and an ineffective-assistance-of-counsel claim.  In his answer, the respondent treated the ineffective-assistance claim as directed solely at the attorney in the revocation proceeding.  The report and recommendation did the same.  The report and recommendation concluded that all of Mr. Lawrence's claims were unfounded.

In reviewing the report and recommendation, I concluded that the petition was "broad enough to include an ineffectiveness claim directed at the attorney in the underlying aggravated-battery case."  Order of May 9, 2008 (document 24) at 3.  I accepted the report and recommendation to the extent it concluded all other claims were unfounded, but I directed the respondent to answer the claim that Mr. Lawrence's attorney in the underlying aggravated-battery case provided ineffective assistance.

The respondent then moved to dismiss this remaining claim on procedural grounds.  Mr. Lawrence has replied.  The motion is ripe for decision.

## II.  Procedural Defenses

Mr. Lawrence's claim that his attorney in the underlying aggravated-battery claim was ineffective fails on procedural grounds.

First, he has never presented that claim in state court.  In his response to the

motion to dismiss, Mr. Lawrence cites nothing from his state-court submissions that even hints at this claim.  Instead, Mr. Lawrence says that my conclusion that his federal petition is "broad enough" to encompass this claim means that his state-court submissions also were broad enough to encompass this claim.  But that of course does not follow.  Mr. Lawrence did not exhaust this claim in state court and thus cannot obtain relief on this claim in this court.

Second, the time for raising this claim in state court passed long ago.  And for that matter, so did the deadline for bringing this claim in federal court.  More than two years expired from the time when any ineffective assistance was rendered and the sentence on the underlying aggravated-battery charges was imposed (in 2001) until any challenge to the conviction and sentence was first asserted (in 2004 at the earliest).

Mr. Lawrence says there is a "manifest injustice" exception to the state time limit and that the double-jeopardy violation would constitute a manifest injustice. Even if there were true—and it is not—it would mean only that Mr. Lawrence could raise this claim in state court; it would not allow this court to consider an unexhausted claim.  Moreover, the claim at issue is ineffective assistance of counsel, not double jeopardy.  The state time limit on collateral attacks applies to ineffective-assistance claims; if it did not, the time limit would be more illusory

than real.  And the case at bar presents no "manifest injustice."  To the contrary,

Mr. Lawrence entered a negotiated plea to five charges that resulted in a very

favorable two-year combined sentence.  Had he not violated his probation, he

would have no ground for complaint.

Finally, Mr. Lawrence invokes "actual innocence" as an exception to the

federal exhaustion requirement.  But he is not innocent.  To the contrary, it

apparently is uncontested that Mr. Lawrence committed an aggravated battery on a

law enforcement officer.  He was charged twice and may have had a well founded

double-jeopardy defense in the second case.  If, as seems unlikely, his attorney was

ineffective despite having arranged an overall favorable plea agreement, this does

not mean Mr. Lawrence was innocent.  He was not.

### III.  Conclusion

For the reasons set forth in the report and recommendation (document 22),

the order denying the petition in part (document 24), and this order,

IT IS ORDERED:

The clerk must enter judgment stating, "The petition is dismissed with

prejudice."  The clerk must close the file.

SO ORDERED on August 25, 2008.

s/Robert L. Hinkle
Chief United States District Judge